UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| IN RE:<br>RICHARD ALLEN NANCE<br>JENNIFER LYNN NANCE<br><br>Debtor(s) | CASE NO. 09-5604-JKC-13 |
|---|---|

### TRUSTEE'S BRIEF IN SUPPORT OF INCLUDING UNEMPLOYMENT COMPENSATION IN THE CALCULATION TO DETERMINE CURRENT MONTHLY INCOME

Comes now, Stacy Wissel, Staff Attorney for Robert A. Brothers, Chapter 13 Trustee herein, and for her brief in support of including unemployment compensation in the calculation of current monthly income , states as follows:

### PROCEDURAL HISTORY

The above named debtors filed for relief under chapter 13 on April 29, 2009. With the petition, the debtors filed the requisite Form B22C, Statement of Current Monthly Income and Expenditures. That document contained an entry representing unemployment compensation on Line 8 - but the debtors asserted that those funds are received as a benefit under the Social Security Act and failed to include that amount in the income total used for calculating current monthly income and disposable income available to fund a chapter 13 plan. The trustee filed objections to confirmation for other reasons and an amended plan was forthcoming. The trustee again objected to confirmation of the amended plan, on a number of grounds. Finally, on December 1, 2009, the trustee amended his previously filed objection to confirmation to include an

objection to the debtors ' failure to include the unemployment compensation in the current monthly income total on Form B22C.  That matter was ultimately set for hearing on February 9, 2010.  At that hearing, briefs were ordered.   The debtor has not amended Form B22C, and there is no dispute that unemployment compensation was reported therein. The dispute lies in whether or not it need be included in calculating current monthly income (CMI). In this case, if the funds are not included, the debtors may propose a 36 month plan; but if the funds are included in the calculation, then the plan must be 60 months long and there may result a minimum amount of money that must be paid to creditors herein.

## ISSUE

Does unemployment compensation that is reported on Line 8 of Form B22C need to be included in the determination of current monthly income?

## ARGUMENT

There is a clear split in authority on whether or not these funds ought to be included in the calculation of CMI, though in few reported decisions.  There are two reported cases wherein Courts concluded that the benefits are in the nature of a "benefit under the Social Security Act" and thus may be excluded from the calculation, See *In re Munger*, 370 B.R. 21 (Bankr. D. Mass. 2007) and *In re Sorrell*, 359 B.R. 167 (Bankr. S.D. Ohio 2007).  The better reasoned decisions hold the funds should be included as income counted in reaching "current monthly income", see *In re Kucharz*, 418 B.R. 365, 2009 WL 3518163 (Bank. C. D.Il. Oct 28, 2009) and *In re Baden*, 396 B.R. 617 (Bankr. M.D. Pa. 2008).   The trustee would note that the later decisions,

determined after evermore numerous bankruptcy cases are filed and litigated and settled, may represent the trend in determining current monthly income.

In finding that unemployment compensation should be included when determining current monthly income, see *In re Kucharz*, supra.   Judge Thomas Perkins did an extensive and thorough analysis of the Social Security Act and its interaction with state law and issues of state sovereignty.  He discussed how the language of the Social Security Act that created unemployment compensation programs should be interpreted, and reviewed policy issues regarding the inclusion (or not) of these funds.

Judge Perkins begins with a discussion of how unemployment benefits are determined and paid.  He notes that the SSA provides the a scheme for setting up unemployment compensation programs for individual states to administer, and notes that though the federal government is charged with paying the administrative expenses of states' unemployment compensation programs - he points out that individual states need to enact legislation that establish the program in their individual states,  and must pass legislation that provides a funding mechanism for them.  He further notes that the " unemployment insurance claims are submitted to, evaluated and paid or denied by state officials implementing state law. Appeals are heard by state officials.....Benefits are payable as determined under state laws and their regulations promulgated thereunder, independent of the SSA and FUTA." *Kucharz* at 5.

Judge Perkins also reviewed two United States Supreme Court decisions that support his finding that unemployment compensation is a program that is run and funded by individuals states, under the auspices of sovereign immunity with guidance and administrative expenses remuneration from the federal government.  In *Charles C.*

*Steward Mach. Co .v. Davis*, 301 U.S. 548, 57 S.CT 883 (1937) the Supreme Court found that the "the taxes from which unemployment benefits are paid are collected pursuant to laws enacted by the states, and that benefits are paid under programs administered by state officials. 57 S Ct at 892-93." *Kucharz* supra, 6.  He looks also to *Carmichael v. Southern Coal & Coke Co.,* 301 U.S. 495, 57 S. Ct 868 (1937) which cites *Charles C. Steward, Co* supra and quotes ..."the unemployment compensation fund is administered in accordance with state law by the state commission. The statute may be repealed at the will of the legislature and in that case the state will be free to withdraw at any time its unexpended share of the Unemployment Trust Fund from the treasury of the United States , and to use it for any public purpose.... The power to contract and the power to select appropriate agencies and instrumentalities for the execution of state policy are attributes of state sovereignty.  57 S Ct at 880" , *Kucharz* at 7.

    Indiana has established an unemployment compensation program . It appears to have been established in 1947 and is now found at IC 22-4 et al.  Specific sections of the code mandate employer participation (IC 22-4-10-1), mandate the amount to be remitted on behalf of employees (IC 2-4-10-3; establish the amount that former employees are to be paid on approved claims (IC 22-4-12-2) and provide the manner in which claims are filed, disputes are filed and hearings are held (IC 22-4-17-2).  It establishes accounts to hold the funds collected and remitted for unemployment distributions and even provides for the disposition of the funds should the federal government cease to be involved in the program.  It is clear from a review of the Indiana Statutes that the program is set up to be administered by the state of Indiana - not the Social Security Administration.

Finally, Judge Perkins looked at the purpose behind the implementation of BAPCPA and acknowledged the easily recognized mantra that those who have the ability to pay should pay. In determining what should be included in the calculation of current monthly income, Congress chose to include income from all sources that the debtor receives, whether taxed or not and includes funds paid by a third party if paid on a regular basis and for household expenses. Congress excluded payments that were remedial in nature -social security retirement and disability funds and funds received to compensate victims of terrorism. It is the intention of government in establishing the unemployment compensation program to provide temporary assistance to those who are between jobs. It is understood (and even a requirement for continued receipt of benefits) that those who are receiving benefits look for work. Logically then, these funds should be included in the current monthly income calculation, as that number is a predictor of future income that is to be received by the debtor, and thus should be available to fund repayment plans. It should be noted that unemployment compensation amounts are generally less than the debtor would have earned prior to the job loss, and thus should not , when included in the current monthly income calculation, create a monthly income amount that is inflated or unattainable by the debtor .

## **CONCLUSION**

For the reasons outlined above, this court should determine that payments made under an individual state's unemployment compensation program are not paid under the Social Security Act, and thus are not excludable in the determination of current monthly income; and should further sustain the Trustee's objection, and order Mr. and

Mrs. Nance to file an amended Form B22C, Statement of Current Monthly Income and Expenditures that comports with this decision.

                Respectfully submitted,

/s/  Stacy Wissel
Stacy Wissel, Staff Attorney
For Robert Brothers, Chapter 13 Trustee
Attorney #17154-54
151 North Delaware #1400
Indianapolis, IN 46204
317-636-1062
317-6361186 (fax)
Swissel@sbcglobal.net

Certificate of Service

I do hereby certify that a copy of the foregoing Trustee's Brief has been duly served upon the following individuals, either electronically by the Clerk's Office ECF system, or by United States mail, first-class postage prepaid, on this date Thursday, March 25, 2010:

BY:  /s/ Stacy Wissel
Stacy Wissel, Staff Attorney
For Robert Brothers, Chapter 13 Trustee
Attorney #17154-54
151 North Delaware #1400
Indianapolis, IN 46204
317-636-1062
317-6361186 (fax)
Swissel@sbcglobal.net

Nancy Gargula
101 West Ohio Street, #1000
Indianapolis, IN 46204


Keith Erik Gifford
151 North Delaware Street #1106
Indianapolis, IN 46204
kgifford@redmanludwig.com