SO ORDERED: May 21, 2010.



**James K. Coachys**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RICHARD ALLEN NANCE and | ) | Case No. 09-05604-JKC-13 |
| JENNIFER LYNN NANCE, | ) | |
| | ) | |
| Debtors. | ) | |

## ORDER SUSTAINING TRUSTEE'S AMENDED OBJECTION TO CONFIRMATION

This matter comes before the Court on the Chapter 13 Trustee's Amended Objection (the "Amended Objection") to Confirmation of Debtors' Amended Plan. For the reasons stated below, the Court sustains the Amended Objection.

Debtors filed a Chapter 13 petition on April 24, 2009. On line 8 of their Form B22C, Debtors stated that Mr. Nance was receiving $1,521.00 per month in unemployment compensation. They further claimed such compensation to be a "benefit under the Social Security Act" and, therefore, did not (per the instructions on the Official Form) include it as income. Pursuant to the remaining calculations required by Form B22C, Debtors indicated that they were below the median income for a family of six in Indiana. As a result, the applicable commitment period for their

Chapter 13 plan was 36, rather than 60, months pursuant to 11 U.S.C. § 1325(b)(4). Accordingly, Debtors ultimately proposed a Plan that called for 36 monthly payments of $1,100.67.

The Trustee objected to the confirmation, claiming that Debtors had failed to apply all of their projected disposable income, as required by 11 U.S.C. § 1325(b)(1)(B), to fund the Plan. Prior to that objection being heard, Debtors filed Amended Schedules I and J, along with an Amended Plan. According to Amended Schedule I, Mr. Nance obtained employment on August 3, 2009, with gross monthly income of $4,166. Under their Amended Plan, Debtors agreed to make two payments of $1,100.67, two payments of $1,150.67 and 32 payments of $1377.00.

The Trustee again objected to confirmation, arguing that the Amended Plan:

> [F]ails to provide all the debtor's projected disposable income as required by § 1325(b)(1)(B); (Per Amended Schedule I and J, Mr. Nance is now gainfully employed earning substantially greater income than originally scheduled. Specifically, his gross income has increased by $2,645.00 per month, yet only offering an additional $276.00 per month to the trustee in plan payments. Further, already excessive household budget has been increased to $6,300.00 per month while budgeting questionable items such as $484.00 per month for medical expenses, $125.00 per month for contribution towards Mr. Nance's recently established 401-K (sic) plan and $1,280.00 per month representing childcare costs for only two children. In addition, combined household income now exceeds $123,000.00 per year while only approximately 8-9% payback dividend towards an unsecured creditor pool of $107,000.00 during the minimum plan life of thirty-six (36) months. Although debtors now offer 60% of Mrs. Nance's employment bonus, trustee believes unsecured creditors [are] entitled to greater benefit in light of Mr. Nance's new employment, also, this should be <u>over-median</u> since husband's unemployment income of $1,521.00 per month was not include in the [current monthly income] figure.

(underline in the original). The Court conducted a hearing on the Amended Objection on February 9, 2010, at which the parties focused exclusively on the last issue raised above, *i.e.*, whether Debtors' exclusion of Mr. Nance's unemployment compensation from their Form B22C current monthly income calculation was proper.

Resolution of that issue, in turn, rests on the definition of "current monthly income" in 11 U.S.C. § 101(10A), which states in relevant part:

The term 'current monthly income'–

(A) means the average monthly income from all sources that the debtor receives (or in a joint case the debtor and the debtor's spouse receive) without regard to whether such income is taxable income, derived during the 6-month period ending on–

> (i) the last day of the calendar month immediately preceding the date of the commencement of the case if the debtor files the schedule of currently monthly income required by section 521(a)(1)(B)(ii); or

> (ii) the date on which current monthly income is determined by the court for purposes of this title if the debtor does not file the schedule of current monthly income required by section 521(a)(1)(B)(ii); and

**(B) includes any amount paid by any entity other than the debtor (or in a joint case the debtor and the debtor's spouse), on a regular basis for the household expenses of the debtor or the debtor's dependents (and in a joint case the debtor's spouse if not otherwise a dependent), but excludes benefits received under the Social Security Act . . . .**

(emphasis added). Pursuant to the language emphasized above, Debtors insist that Mr. Nance's unemployment compensation from the State of Indiana was a "benefit received under the Social Security Act." The Trustee insists to the contrary.

At the hearing on the Amended Objection, the parties acknowledged that there is a split of authority in the jurisdictions that have already decided this issue. *Compare In re Baden*, 396 B.R. 617 (Bankr.M.D.Pa.2008) and *In re Kucharz*, 418 B.R. 635 (Bankr.C.D.Ill.2009) *with In re Sorrell*, 359 B.R. 167 (Bankr.S.D.Ohio 2007) and *In re Munger*, 370 B.R. 21 (Bankr.D.Mass.2007). The Court indicated that it had already reviewed this existing case law and that, at least preliminarily, tended to agree most strongly with *Kucharz*, wherein the Honorable Thomas L. Perkins held–after thoroughly analyzing the Social Security Act, the Federal Unemployment Tax Act, and the

3

Bankruptcy Abuse Prevention and Consumer Protection Act–that unemployment compensation is not a "benefit received under the Social Security Act."

At the conclusion of the hearing, the Court directed the parties to file briefs on their respective positions. Having reviewed those briefs and the case law cited above, the Court continues to agree with the analysis and conclusion reached by Judge Perkins in *Kucharz*. Rather than attempt to paraphrase it or simply copy it wholesale, the Court hereby incorporates it herein by reference and concludes that compensation paid under Indiana's unemployment insurance system, *see* Article 22, Title 4 of the Indiana Code, is not a "benefit received under the Social Security Act" for purposes of 11 U.S.C. § 101(10A)'s definition of "current monthly income." As such, Debtors' exclusion of it from their Form B22C income calculation was improper.

With the inclusion of such compensation, Debtors are undisputedly above the median income for a family of six and are therefore required to submit 60 months of disposable income to fund their plan. Debtors are hereby ordered to file a Second Amended Plan consistent with this Order within 14 days.

###

Distribution:

Robert A. Brothers
Keith E. Gifford
UST